**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DONNELLA FLANAGAN, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| TRANSWORLD SYSTEMS, INC., | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | ) |
| | ) |

## COMPLAINT

DONNELLA FLANAGAN ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Capitol Heights, Maryland 20743.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

1

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a corporation with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

13. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

14. Beginning in or around early May 2015, and continuing through November 2015, Defendant placed repeated and continuous harassing calls to Plaintiff's cellular telephone.

15. Defendant's calls originated from the numbers including, but not limited to: (888) 666-4546. The undersigned has confirmed that this number belongs to Defendant.

16. During the relevant period Defendant placed, on average, three (3) calls per week to Plaintiff's cellular telephone.

17. Plaintiff knew it was the Defendant calling because she spoke to both male and female callers from the company.

18. The Defendant would sometimes call the Plaintiff more than once in a single day.

19. Defendant's calls were equally inconvenient as they were unwarranted, where on

several occasions; Defendant placed calls before 8:00 a.m. and after 9:00 p.m.

20. Defendant's calls were intended for a third party male unknown to Plaintiff named Muhammad.

21. Shortly after calls began in May 2015, Plaintiff told Defendant that they had the wrong number and demanded that Defendant stop calling her.

22. Defendant acknowledged Plaintiff's request by saying they would remove her number from their call list, but the calls continued.

23. In November 2015, Plaintiff again told Defendant to remove her number from their calling list and to stop calling her.

24. The Defendant heard and acknowledged Plaintiff's request, but still continued to call.

25. By continuously calling over a debt she did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which had the natural consequences of harassing the recipient.

26. Moreover, Defendant's repeated harassing calls caused Plaintiff aggravation, annoyance, inconvenience, stress, and upset.

27. Plaintiff was additionally inconvenienced by receiving calls from Defendant on her cell phone while she was at work.

28. Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692b(3) OF THE FDCPA

29. A debt collector violates section 1692b(3) of the FDCPA by communicating with any person other than a consumer more than once unless requested to do so by such person or

unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

30. Defendant violated section 1692b(3) of the FDCPA by placing numerous collection calls to Plaintiff at her cellular telephone about another individual's debt after she told Defendant it had a wrong number, thereby communicating with any person other than a consumer more than once without being requested to do so by such person and without a reasonably belief that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

31. A debt collector violates section 1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

32. Defendant violated section 1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff at her cellular telephone about another individual's debt, and when it called before 8:00 a.m. and after 9:00 p.m.

## COUNT III
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

33. A debt collector violates section 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

35. Defendant violated section 1692d of the FDCPA by calling Plaintiff about another person's debt after being told it was calling the wrong person with the intent to annoy, abuse, and harass Plaintiff.

## COUNT IV
## **DEFENDANTS VIOLATED § 1692f OF THE FDCPA**

36. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

37. Defendants violated § 1692f when it failed to update its internal records; and, generally, when it used unfair and unconscionable means to collect a debt which was not hers.

WHEREFORE, Plaintiff, DONNELLA FLANAGAN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DONNELLA FLANAGAN, demands a jury trial in this case.

Respectfully submitted,

DATED: May 16, 2016

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
Attorney for the Plaintiff